IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

AUDREY SPRABERRY BEASLEY                                    PLAINTIFF

v.                                          CAUSE NO. 1:11CV512-LG-JMR

ROBERT SUTTON; GUARDIAN LIFE
INSURANCE COMPANY OF AMERICA;
KYLE KEPPER; and PRODUCERS
GROUP, INC.                                              DEFENDANTS

MEMORANDUM OPINION AND ORDER GRANTING
PLAINTIFF'S MOTION TO REMAND

**BEFORE THE COURT** is the Motion to Remand [14] filed by Audrey

Spraberry Beasley.  Guardian Life Insurance, Kyle Kepper, and Producers Group

filed a Response [21] in opposition to the Motion, and Robert Sutton filed a Joinder

[23] to the Response.  Beasley filed a Reply [24] in support of her Motion to

Remand.  Upon reviewing the submissions of the parties and the applicable law, the

Court finds that the Motion to Remand should be granted.

FACTS

Christopher Spraberry, a dentist and part-owner of Spraberry Dental Clinic,

died in an accident on May 16, 2009.  (Compl. 2, ECF No. 15-1).  Sutton was

Spraberry's business partner at the Clinic.  (Defs.' Resp., Ex. C at 1, ECF No. 21-

12).  Spraberry's sister, Beasley, worked at the Clinic.  (Compl. 3, ECF No. 15-1).

On February 20, 2008, Guardian issued a Whole Life Insurance Policy to

Spraberry, which insured his life and named Beasley as primary beneficiary.  (Defs.'

Resp., Ex. B at 1, ECF No. 21-2).  In her Complaint, Beasley claims that two

additional Guardian policies insured Spraberry's life – a $1 million policy and a $2

million policy – and Sutton was the beneficiary of both policies. (Compl. 3, ECF No. 15-1). Beasley contends that Spraberry requested cancellation of the policies issued to Sutton and purchased a separate $3 million policy that named Sutton as beneficiary. (*Id.* at 4-5). However, she claims that Guardian, through its agents Kepper and Producers Group, cancelled the policy that named Beasley as beneficiary instead. (*Id.*) Therefore, she claims that she received nothing, while Sutton received $5 million.[1] (*Id.* at 5).

After Spraberry's death, Beasley claims that Sutton promised to pay her $700,000 to "make it right" on multiple occasions. (*Id.*; Pl.'s Reply, Ex. P-2, ECF No. 24-2). She claims that he also encouraged her to buy a house that she could not otherwise afford. (Pl.'s Reply, Ex. P-2, ECF No. 24-2). Beasley claims that Sutton gave her a $100,000 partial payment and discussed the best method for paying the remainder of the funds to reduce tax liability. (*Id.*) Beasley claims that she bought a house in reliance on Sutton's promises, and the purchase of the house has caused her financial difficulties. (Compl. 3, ECF No. 15-1).

On October 5, 2011, Beasley filed a lawsuit in the Circuit Court of Harrison County, Mississippi, asserting the following causes of action against Guardian,

---

[1] Guardian does not directly address Beasley's assertion that Sutton ultimately received $5 million in coverage. It only addresses a $2 million policy owned by Sutton that insured Spraberry's life and named Sutton as beneficiary, and it has provided evidence that Spraberry's wife was the beneficiary of a $1 million policy that lapsed due to non-payment of premiums. (Defs.' Resp., Ex. B, ECF No. 21-2). Guardian claims that the policy benefitting Beasley also lapsed due to non-payment of premiums. (*Id.*)

Kepper, and Producers Group: tortious breach of contract, negligence, gross negligence, bad faith, and unfair dealing.  She has alleged claims of unjust enrichment, promissory estoppel, and equitable estoppel against Sutton.  The defendants removed the case to this Court, asserting that diversity jurisdiction exists, because the only non-diverse defendant, Sutton, was improperly joined in the lawsuit.  Beasley filed the present Motion to Remand.

## DISCUSSION

### A.  Improper Joinder

There are two ways to establish improper joinder "(1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court."  *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005).  When determining whether a plaintiff has established a cause of action against a non-diverse defendant, this Court must consider "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against the in-state defendant . . . ."  *Guillory*, 434 F.3d at 308.

> To determine the validity of an improper joinder claim, we "must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff."  In addition, we must resolve all ambiguities in the controlling state law in the plaintiff's favor.  We do not determine whether the plaintiff will actually or even probably prevail on the merits of the claim, but look only for a possibility that the plaintiff might do so.

*Id.* at 308-09 (quoting *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981)).  "This means there must be a *reasonable* possibility of recovery, not merely a

*theoretical* one." *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007)

(quoting *Ross v. Citifinancial Inc.*, 344 F.3d 458, 461 (5th Cir. 2003)).   "The burden

of persuasion on a party claiming improper joinder is a 'heavy one.'" *Campbell*, 509

F.3d at 669.

   To determine whether a plaintiff has a reasonable basis of recovery under

state law, courts generally conduct a Rule 12(b)(6)-type analysis, "looking initially

at the allegations of the complaint to determine whether the complaint states a

claim under state law against the in-state defendant." *Smallwood v. Ill. Cent. R.R.

Co.*, 385 F.3d 568, 573 (5th Cir. 2004).   However, in cases in which a plaintiff has

misstated or omitted discrete facts that would determine the propriety of joinder, a

court may pierce the pleadings and conduct a summary inquiry.  *Smallwood*, 385

F.3d at 573-74.   "[A] summary inquiry is appropriate only to identify the presence of

discrete and undisputed facts that would preclude plaintiff's recovery against the

in-state defendant." *Smallwood*, 385 F.3d at 573-74.

   In the present case, the defendants request a summary inquiry, and they

have presented evidence to the Court.  Beasley has also submitted evidence to the

Court in support of her reply that provides facts that were omitted from her

Complaint.  Therefore, the Court will conduct a summary inquiry.

## B.  Equitable Estoppel

   The Mississippi Court of Appeals has explained:

   Equitable estoppel [is] generally defined as "the principle by which a
   party is precluded from denying any material fact, induced by his

> words or conduct upon which a person relied, whereby the person
> changed his position in such a way that injury would be suffered if
> such denial or contrary assertion was allowed." *Dubard v. Biloxi,
> H.M.A., Inc.*, 778 So. 2d 113, 114 (¶5) (Miss. 2000) . . . . "The doctrine
> of equitable estoppel may be used to enforce an oral contract which
> would otherwise be unenforceable under the statute of frauds." *Powell
> v. Campbell*, 912 So. 2d 978, 982 (¶12) (Miss. 2005) . . . . Nonetheless,
> equitable estoppel "should only be used in exceptional circumstances
> and must be based on public policy, fair dealing, good faith, and
> reasonableness." *Id.*

*Eagle Mgmt., LLC v. Parks*, 938 So. 2d 899, 903-04 (Miss. Ct. App. 2006). "The

doctrine of equitable estoppel requires proof of a (1) belief and reliance on some

representation; (2) change of position as a result of the representation; and (3)

detriment or prejudice caused by the change of position." *Mound Bayou Sch. Dist.

v. Cleveland Sch. Dist.*, 817 So. 2d 578, 583 (¶ 15) (Miss. 2002).

"Equitable estoppel may be enforced in those cases in which it would be

substantially unfair to allow a party to deny what he has previously induced

another to believe and take action on . . . . In other words, 'one may . . . not change

his attitude to the substantial detriment of another and avoid an estoppel on

grounds that at the outset his heart was pure.'" *Wesley M. Breland, Realtor, Inc. v.

Amanatidis*, 996 So. 2d 176, 181 (¶ 23) (Miss. Ct. App. 2008) (citing *PMZ Oil Co. v.

Lucroy*, 449 So. 2d 201, 207 (Miss. 1984)).

In their Memorandum, the defendants argue that Beasley does not have an

equitable estoppel claim against Sutton, because she has only alleged a verbal

future promise to "make things right." (Defs.' Mem. 20, ECF No. 22). However, as

explained previously, Mississippi law only requires a representation, by either

words or conduct, that causes a second person to change her position to her detriment.  Furthermore, contrary to the defendants' assertions, Beasley does not claim that Sutton merely promised to "make things right."  She claims, under oath in her Complaint and affidavit, that he promised to pay her $700,000, made a partial payment of $100,000, encouraged her to buy a house that she said she could not otherwise afford, and when she expressed concern that he may not fulfill his promise, he reiterated his promise to pay her the remainder of the money.  She claims that she bought the house at his urging, and that the purchase of the house caused her damages.  The Court recognizes that the doctrine of equitable estoppel is only utilized in exceptional circumstances.  However, the Court cannot hold that Beasley does not have reasonable basis of recovery against Sutton at this stage of the proceedings.

"As 'the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns . . . .'  The removal statute is to be strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand."  *In re Hot-Hed Inc.*, 477 F.3d 320 (5th Cir. 2007).  Thus, the Court finds that the defendants have not met their burden of establishing that this Court has subject matter jurisdiction over this lawsuit.  *See New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008).  As a result, the Motion to Remand must be granted.

## C.  UNJUST ENRICHMENT AND PROMISSORY ESTOPPEL

Since the Court finds that Beasley has a reasonable basis for recovery on her

equitable estoppel claim, the Court will not address whether she has an unjust enrichment claim or promissory estoppel claim against Sutton.

**D.  ATTORNEYS' FEES AND COSTS**

Beasley requests attorneys' fees and costs against the defendants pursuant to 28 U.S.C. § 1447(c).  Because the Court finds that the defendants had an objectively reasonable basis for removing the case to this Court, Beasley's request for fees and costs must be denied.  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

**CONCLUSION**

For the foregoing reasons, the Court finds that Beasley's Motion to Remand should be granted.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion to Remand [14] filed by Audrey Spraberry Beasley is **GRANTED**.  The above styled and numbered cause is hereby **REMANDED TO THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI, FIRST JUDICIAL DISTRICT,** pursuant to 28 U.S.C. § 1447(c).

**IT IS, FURTHER, ORDERED AND ADJUDGED** that a certified copy of this order of remand shall be immediately mailed by the Clerk of this Court to the clerk of the state court pursuant to 28 U.S.C. § 1447(c).

**SO ORDERED AND ADJUDGED** this the 10th day of April, 2012.

s/ *Louis Guirola, Jr.*
Louis Guirola, Jr.
Chief United States District Judge